S. Despertt
Paper No. 17

FOR PUBLICATION IN FULL

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

In re Classic Beverage, Inc.

Serial No. 550,670

Norman S. Blodgett for applicant.

Donald J. Fingeret, Trademark Examining Attorney, Law Office 2
(John C. Demos, Managing Attorney).

Before Sams, Simms and Cissel, Members.

Opinion by Cissel, Member:

Applicant applied to register the words "CLASSIC COLA" on the Principal Register for a soft drink.[1] Registration was refused under Section 2(e)(1) of the Act on the grounds that the words are a "laudatory term extolling the value of applicant's product," and, as such, are merely descriptive of the goods.

In support of the refusal the Examining Attorney made of record a copy of a definition from Webster's New Collegiate Dictionary showing the word "classic" to mean "of recognized value: serving as a standard of excellence."

_____

[1] Serial No. 550,670 filed July 29, 1985, claiming first use on September 13, 1984. The term "COLA" was subsequently disclaimed.

Responsive to this, applicant submitted a computer printout of what it claims are registered marks consisting of the word "classic." Also referred to by applicant is the lengthy definition of "classic" from Webster's Third New International Dictionary, unabridged. This definition, when typed in applicant's response, uses all or part of three separate sheets of legal-sized paper. It shows that there are, in fact, many definitions of the term, some of which might be considered laudatory in nature as applied to some things.

Along with the final refusal to register, the Examining Attorney put into the record of this case copies of excerpts from articles from periodical publications stored in the NEXIS computer data bank. Also submitted at that time were copies of four federal trademark registrations of marks for beer, wine and whiskey. Each included the word "classic" as part of the mark, and each registration was either on the Supplemental Register or had been registered on the Principal Register under the provisions of Section 2(f) of the Act.

The registrations and the NEXIS excerpts, contends the Examining Attorney, show that the term "classic," while not necessarily laudatory with respect to all products, is nonetheless laudatory as applied to several kinds of beverages, including soft drinks. One excerpt refers to "Jolt" brand cola as "more 'classic' than Coca-Cola." The other eleven excerpts refer specifically to a product of The Coca-Cola Company as "Coca-Cola Classic", "Classic Coke" or "Coke Classic".

When the refusal to register was made final, applicant filed this appeal. After the appeal brief was filed by applicant, action on the appeal was suspended at the request of the Examining Attorney under rule 2.142(d). The file was remanded to the Examining Attorney for introduction of new evidence which had not been previously available. The evidence consists of a copy of an article from the October 26, 1986 edition of the Washington Post newspaper. The article is titled "Marketing, in a Classic Sense." The theme of the article is that the word "classic" is now being adopted as a trademark and as a service mark for a wide range of goods and services because, according to at least one marketing professional from The Coca-Cola Company, in apparent reference to "CLASSIC" as applied to the Coca-Cola product, it "conveys to consumers that the product is traditional and is a standard of excellence." Examples of the use of "classic" on goods from several other areas of commerce are also cited specifically in the article.

Applicant's supplemental brief, responsive to the new evidence submitted by the Examining Attorney, argues that although "classic" has a recognized laudatory significance with respect to things like automobiles, clothes, and literature, no such significance attaches to "classic" as applied to soft drinks. Characterizing as "absurd" the assertion that the word is laudatory as applied to such products, applicant notes that the only evidence of use of the term in connection with soda pop cited

3

by the Examining Attorney is use in connection with the then-recently-introduced Coca-Cola product. The single reference to another brand of cola, "Jolt," shows "Jolt" brand cola being compared to the Coca-Cola product.

As to the additional evidence concerning use of "classic" as a trademark to evoke the aura of a tradition or a standard of excellence, applicant argues that even if this is taken as true, all it shows is that, as applied to soft drinks, "classic" is at most suggestive of the goods, because reference to supposed cola traditions or standards is not even laudatory, much less descriptive, as there is no recognized definable standard or tradition for either cola or the making of cola.

Applicant made of record with its supplemental brief excerpts from the Patent and Trademark Office Official Gazette showing the words "classics" and "classic" used as part of marks for which application to register had been made and publication for opposition had been approved, as well as a copy of an article from the July 29, 1985 edition of The National Law Journal. The article quotes another representative of The Coca-Cola Company on the subject of "COKE CLASSIC" as saying "... the addition of the word 'Classic' merely describes to the consumer a particular aspect of the product. We view 'Coca-Cola' as a brand name for this product, while the trademark is 'Coca-Cola' per se with 'Classic' as a modifier." The article from The National Law Journal is offered by applicant as proof that reference in the

4

Post article to "Classic" as describing the product should be regarded as simply a self-serving statement by the Coca-Cola Company. Without offering much detail as to how the statements of the employees of The Coca-Cola Company serve the interests of that company, applicant argues that at best, the statements might show "classic" to be suggestive of a characteristic of that company's product, and that even if this were accepted as true, it would not be proof that applicant's products were merely described by the term.

The Examining Attorney's brief on appeal reiterates the theory that the term "CLASSIC COLA" is unregistrable under Section 2(e)(1) of the Act because it is the combination of the laudatory term "CLASSIC" and the generic term "COLA."

Submitted with the brief were copies of references to "classic" from The American Heritage Dictionary of the English Language, Roget's Thesaurus and The American Thesaurus of Slang. [2] "Classic" is indicated in the dictionary as meaning "of the highest rank or class...having lasting significance or recognized worth." The first thesaurus shows "classic" as an adjectival synonym for "goodness". The slang thesaurus shows "classic" as a synonym for an "important game" and that a root beer can be referred to as "an old fashioned." From these

---

[2] While we ordinarily would not consider any evidence submitted for the first time with the brief on appeal, these listings are from recognized reference works of the type of which we can take judicial notice.

5

references the Examining Attorney concludes that it is clear that a "CLASSIC COLA" would be perceived as one which is "of the best quality when compared to soft drinks of its kind." (Brief, p. 4). The reference to root beer as "old fashioned" is apparently viewed as a rebuttal to applicant's previous contention that one meaning of "classic" is "old fashioned," which has no application to soft drinks. The Examining Attorney takes exception to this contention and sees the slang thesaurus entry as proof that "old fashioned" is "generic for one type of soft drink." From this evidence we are apparently to conclude that "classic" is generic for cola, or, at least, that it is merely descriptive of one type of soft drink, root beer. The idea is that "classic" is descriptive of one type of soft drink and therefore it cannot be registered as part of a trademark for another type of soft drink.

The issue for our determination in this case is whether the term "CLASSIC COLA" is merely descriptive of a soft drink. It is well settled that terms which are "merely 'laudatory' and descriptive of the alleged merit of a product are also regarded as being 'descriptive'." McCarthy, J. Thomas, Trademarks and Unfair Competition (2nd Ed. 1984) §11:5, p. 443. Registration has therefore been refused when a term is held to be merely laudatory as applied to particular goods. See: In re Inter-State Oil Co., Inc., 219 USPQ 1229 (TTAB 1983) ["PREFERRED" for "bird and squirrel repellant"], In re Wileswood, Inc., 201 USPQ 400 (TTAB 1978) ["AMERICA'S BEST POPCORN!" and "AMERICA'S FAVORITE POPCORN!" for "popped popcorn"].

6

The question in the instant case is whether, as applied to applicant's soft drinks, the words "CLASSIC COLA" would be perceived by prospective purchasers of such goods as being only laudatory, i.e., descriptive of the alleged merit of the soft drinks. Based on the record before us we conclude that the term would not be perceived as such.

"COLA" is generic for soft drinks. As such it has been disclaimed. As conceded by applicant, the issue comes down to the perception generated by the word "classic" as applied to such goods. We must look to the evidentiary record before us to resolve this question.

The dictionary definitions form one group of evidentiary submissions. From them we can conclude that "classic" has an established, recognized meaning as referring to something which is traditional or which constitutes a standard of excellence and is therefore significant.

The second group of evidentiary materials includes the articles excerpted from the NEXIS data bank and the articles from The Washington Post and the National Law Journal. These articles are consistent with dictionary definitions, but do not show the word "classic" used in reference to soft drinks except for the particular brand produced by The Coca-Cola Company. In that regard "COCA-COLA CLASSIC" is claimed as a trademark by the company and is described by the company spokesman in the Post article as conveying to consumers "that the product is traditional

7

and is a standard of excellence." The product referred to is the decades-old cola beverage which had recently (and temporarily) been replaced on the market with one made according to a new formula. The "COCA-COLA CLASSIC" beverage was thus a return to the tradition of the company's older, established product, which it viewed and wanted to promote as a standard of excellence.

A third category of evidence of record in the case at hand consists of materials submitted to show use of "classic" as a trademark or a component of a trademark. The registrations listed in applicant's response to the first office action were not accompanied by copies of the registrations, so the computer listing is not evidence of the existence of the registrations. The Board does not take judicial notice of registrations. In re Duofold, Inc., 184 USPQ 638 (TTAB 1974). Moreover, even if copies of the registrations were properly of record, they would not be dispositive of the registrability of the mark here in issue, which is different and is used on goods presumably different from those identified by the registered marks. If this were not true the registered marks would have been cited as bars to registration under Section 2(d) of the Act.

Similarly, the four registrations, copies of which were properly made of record by the Examining Attorney, in which "classic" was a component of trademarks for beer, wine and whiskey, do not provide the basis for us to decide this case

against applicant. The marks as well as the goods are different in the registrations. From them we cannot conclude that "classic" would necessarily be viewed as describing a characteristic or quality of soft drinks. The same applies to the entries from the Official Gazette.

The evidence of record in this case, therefore, establishes that "classic" does have a meaning that could in fact describe a characteristic of some products, such as automobiles or books. The evidence does not, however, link the recognized meaning of "classic" to the goods of applicant. Nothing in the record indicates that prospective purchasers of applicant's soft drinks would understand the dictionary meaning of the word to apply to these goods. Except for the statements relating to use of the term by The Coca-Cola Company, which in themselves are merely opinions without factual support, there is no evidence showing that the term is applied descriptively to soft drinks or is used by anyone else in the trade.

In General Foods Corp. v. Ralston Purina Co., 220 USPQ 990 (TTAB 1980) we held the term "ORIGINAL BLEND" to be merely descriptive of cat food. In that case it was demonstrated that the words sought to be registered were used by the applicant to identify a particular flavor mix in its line of cat foods, a blend which had been original with applicant. (Additionally, applicant's claim of distinctiveness was not accepted by the

9

majority of the Board panel, which found that applicant's extensive use and promotion of the term had not resulted in the otherwise descriptive words'acquiring distinctiveness.)

The situation in the "ORIGINAL BLEND" case is not inconsistent with our resolution of the instant case. Here the evidence does not show that there is anything about applicant's cola that would be described by the word "classic" in the sense that the definitions of record show the word to be used. Unlike the circumstances described in the Post article, wherein The Coca-Cola Company was returning to an accepted product with a traditional formulation, or the "ORIGINAL BLEND" case, supra, where the reference was clearly to the original variety, as distinguished from the subsequently-developed others in the line, here the term "CLASSIC" does not impart any definite information about applicant's cola. There is no evidence that the mark is used on an established or traditional cola product, that there is a traditional standard for such goods, recognized and identified by the word "CLASSIC," or that applicant's cola is somehow of particular significance in the field or is an accepted standard of excellence. Applicant's goods are clearly not made according to an "old time" formula, made the way it had been done formerly for a long time. Applicant's mark, "CLASSIC COLA," is at most suggestive of a characteristic that goods of this type could possibly possess. This suggestion could be characterized as being laudatory, in that if true it could be deemed to be praise for the

10

product, but whatever laudatory nature the mark possesses is so indirect as applied to these goods that it fails to reach the significance required for the mark to be refused registration under Section 2(e)(1) as being merely descriptive of the goods. At most the mark would be regarded as trade puffery, suggesting that the cola possesses the enduring qualities of a classic. The understood meaning of the word "CLASSIC" has not been demonstrated to apply to applicant's products.

Accordingly, the refusal to register is REVERSED.

J. D. Sams

R. L. Simms

R. F. Cissel
Members, Trademark
Trial and Appeal Board

FEB 1 9 1988